795 F.2d 903
 PHILADELPHIA GEAR CORPORATION, Plaintiff-Appellant Cross-Appellee,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, a national
corporation, in its official capacity as Receiver of Penn
Square Bank, N.A., and Federal Deposit Insurance
Corporation, a national corporation, in its corporate
capacity, Defendants-Appellees Cross-Appellants.
 Nos. 84-1901, 84-2007.
 United States Court of Appeals,
Tenth Circuit.
 July 23, 1986.
 
 On Remand from the United States Supreme Court.
 Before LOGAN and McWILLIAMS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This matter is before us upon remand from the United States Supreme Court. This court's original opinion appears as Philadelphia Gear Corporation v. Federal Deposit Insurance Corporation, 751 F.2d 1131 (10th Cir.1984). The United States Supreme Court granted certiorari on one issue: whether a standby letter of credit backed by a contingent promissory note is an insured deposit under the Federal Deposit Insurance program. It held that such a standby letter of credit is not a "deposit" within the meaning of the Federal Deposit Insurance program, reversing our conclusion to the contrary. See Federal Deposit Insurance Corporation v. Philadelphia Gear Corporation, --- U.S. ----, 106 S.Ct. 1931, 90 L.Ed.2d 428 (1986). The case was remanded to us for further proceedings consistent with the Supreme Court's opinion.
 
 
 2
 We have vacated our earlier judgment. We now conclude that there is nothing further for us to redetermine with respect to the "deposit" issue decided by the Supreme Court. Its opinion conclusively decides that issue against the position of Philadelphia Gear Corporation.
 
 
 3
 There was before us, in the original appeal, a cross-appeal of Philadelphia Gear as to the total value of the letter of credit, treated in Part V of our opinion. See 751 F.2d at 1139-40. That issue was not involved in the Supreme Court's decision, and our affirmance of the district court's limitation of the value of the letter of credit to $145,200 stands as the law of the case. We reaffirm our determination on that valuation issue and now remand this case to the district court for further proceedings consistent herewith.